

# THE ATTORNEY GENERAL
# OF TEXAS

**AUSTIN 11, TEXAS**

PRICE DANIEL
ATTORNEY GENERAL

August 10, 1951

Hon. George B. Butler, Chairman
Board of Insurance Commissioners
Austin, Texas                    Opinion No. V-1234.

Re:   Maximum salaries which
       may be paid investigators
       under Item 10 of the ap-
       propriation for the Life
       Division of the Board of
       Insurance Commissioners
       in House Bill 426, Acts
Dear Sir:                         52nd Leg., 1951.

        Your request for an opinion reads in part as
follows:

        "We desire the opinion of your office
    as to the proper interpretation of House
    Bill 426, Acts 52nd Legislature, insofar
    as it relates to the maximum salaries of
    investigators for the Insurance Department.
    The appropriation for these investigators
    is found on Page 112 under the heading
    Group 10 of the supplement to the House
    Journal. You will note that the Act pro-
    vides for 4 investigators, none of whose
    salaries shall exceed $3,320.00 per year,
    but at the same time, the gross amount
    of $13,680.00 is appropriated for the pur-
    pose of paying these salaries.

        "Even if the salary of $3,320.00 was
    paid to each of the four investigators,
    only $13,280.00 could be expended. It
    therefore appears that the bill contains
    a patent ambiguity which necessitates an
    interpretation looking to the legislative
    intent. We do not believe that a vain
    act should be attributed to the legisla-
    ture and certainly this would be the case
    if we interpreted this statute to mean
    that the legislature had appropriated
    $13,680.00 for the payment of certain
    salaries and had at the same time prohib-
    ited the use of $400.00 of this money

toward the payment of such salaries. It
is the opinion of this Department, based
on the reasoning which follows, that the
correct meaning of the term 'none to ex-
ceed $3,320.00 per year' is actually 'none
to exceed $3,420.00 per year.' Your opin-
ion is therefore desired as to whether we
are correct in our interpretation which
would permit the payment of a maximum sal-
ary of $3,420.00 annually to each of the
four investigators provided for."

In the exhibits you have attached to your re-
quest, it is shown that under the appropriation bill
of the 51st Legislature for your department these in-
vestigators received a salary not to exceed $3,180.00
per year. With certain exceptions not here involved,
the 52nd Legislature provided for an increase of 10%
of the first $2,400.00 of the annual salary, or a total
of $240.00 per year, to all state employees making
$5,004.00 or less. This is evidenced by a comparison
of House Bill 426 as first passed by the House of Rep-
resentatives to its present form as finally adopted.
If this $240.00 increase applies to the investigators
in question, their salary would be $3,420.00. Other-
wise, their salary would be $3,320.00, which would
amount to an increase of only $140.00.

We are of the opinion that the salary of
$3,320.00 set out in Item 10 is an error and that it
should read $3,420.00. The Legislature obviously in-
tended to raise these employees to not to exceed
$3,420.00, as evidenced by the total sum of $13,680.00
appropriated for Item 10, and as evidenced by the gen-
eral increase of $240.00 to each state employee com-
ing within the category of those embraced in Item 10.
Also, the grand total appropriated for the Life In-
surance Division is correctly computed only if the
figure of $13,680.00 is used, rather than $13,280.00,
which would be the total amount for Item 10 if the 4
investigators were to receive only $3,320.00 each.

The rule with regard to the correction of ob-
vious legislative errors is stated in 50 Am. Jur. 219,
Statutes, Sec. 232, as follows:

"There are, however, many cases in
which it has been regarded proper to cor-
rect legislative errors. In this respect,
there is authority for the rule that cler-
ical mistakes should be disregarded, that

manifest or obvious mistakes may be corrected, . . . If a clerical error renders a statute incapable of reasonable construction, the proper word or numeral will be deemed substituted, where it can be supplied by reference to the context or other statutes. This is but making the strict letter of the statute yield to the obvious intent."

In Morrison-Merrill & Co. v. Industrial Commission, 18 P.2d 295 (Utah Sup. 1933), the Court, in construing a formula fixing the weekly compensation applicable under a workmen's compensation act supplied a decimal point in the formula, saying:

". . . It is clear that in using the formula a decimal point should be placed before the 60. Section 3137, heretofore quoted in this opinion, provides that the injured employee 'shall receive 60 per cent of his average weekly wages,' etc. It is obvious that the 60 in the formula is intended as 60 per cent. When it is obvious that there is a mistake or omission in a statute and the intention of the Legislature can be collected from the whole statute, courts will deem the proper word substituted or supplied. 25 R.C.L. p. 978, § 227, and cases there cited."

A similar result was reached by this office in Attorney General's Opinion V-1117 (1950) wherein it was held that "1951" was erroneously written for "1950."

## SUMMARY

The maximum annual salary which may be paid to investigators under Item 10 of the appropriation for the Life Division of the Board of Insurance Commissioners

Hon. George B. Butler, page 4  (V-1234).


in House Bill 426, Acts 52nd Leg., 1951,
is $3,420.00.

APPROVED:

William S. Lott
State Affairs Division

Everett Hutchinson
Executive Assistant

Charles D. Mathews
First Assistant

Yours very truly,

PRICE DANIEL
Attorney General

By *Clinton Foshee*

Clinton Foshee
Assistant

CF:jmc